KAREN P. HEWITT
United States Attorney
SANDRA B. RIGGS
Special Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Court No. srA5500943
Telephone: (619) 557-6958
Facsimile: (619) 557-5004
Email: Sandra.Riggs2@usdoj.gov
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>5.27 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; and EDITH GLUD, ET AL.<br><br>Defendants. | Case No.: 08cv1162-W (AJB)<br><br>EX PARTE APPLICATION FOR IMMEDIATE DELIVERY OF POSSESSION<br>[ 40 U.S.C. §3114] |

COMES NOW the Plaintiff, the United States of America ("United States"), and applies for an order requiring all defendants to this action and any and all persons in possession or control of the property described in the Complaint and Declaration of Taking filed herein to surrender possession of said property, to the extent of the estate condemned ("Estate in Subject Property"), to the Plaintiff.

I

**INTRODUCTION**

The United States hereby files this memorandum in support of its motion for an order for delivery of possession. The United States is requesting possession to the Estate in Subject Property, that being ""fee simple, subject to existing easements for public roads and highways, public utilities, railroads and pipelines; excepting and excluding all interests in minerals and the rights appurtenant thereto which are outstanding in parties other than the surface owner."

## II.

## FACTS

Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Rule 71.1 (formerly Rule 71A) of the Federal Rules of Civil Procedure, the United States filed a complaint and declaration of taking on June 30, 2008, to acquire the Estate in Subject Property. On July 1, 2008, the United States deposited with the Clerk of the Court a check representing the estimated just compensation.

Funding for the Estate in Subject Property was appropriated by the 2007 Department of Homeland Security Appropriations Act. Declaration of Taking, Schedule "A;" see Pub. L. 109-295, Title II, 120 Stat. 1355 (2006) (appropriating funds). The United States has deposited $11,478.00 as estimated just compensation.

## III

## ARGUMENT

### A. Because It Has Acquired this Property Under the Declaration of Taking Act, the United States Is Entitled to Immediate Possession.

The United States initiated this case by filing a complaint and a declaration of taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. §258a). The filing and deposit immediately vested title to the Estate in Subject Property in the United States. See 40 U.S.C. § 3114 (b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . ." 40 U.S.C. § 3114(d)(1).

The purpose of the Declaration of Taking Act is to give the government immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. United States v. Miller, 317 U.S. 369 (1943). As the Court explained:

> The purpose of the statute is twofold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest . . . . Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

Id. at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. See, e.g., Catlin v. United States, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal); United States v. 191.07 Acres of Land, 482 F.3d 1132, 1136 (9th Cir. 2007) (noting that "title and right to possession vest immediately" upon United States' filing of the declaration and deposit of funds).

The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession of the property in Kirby Forest Industries, Inc. v. United States, 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. Id. at 3-5. In a "straight-condemnation" the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation.

In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . . ." Id. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." Id. at 5. It later explained, in further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . . ." Id. at 12. Finally, as more recently stated in Narramore v. United States, 960 F.2d 1048, 1050 (Fed Cir. 1992), Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects." Id. Accordingly, because the United States has acquired the Estate in Subject Property under the Declaration of Taking Act, and Owner is joining in this motion to indicate its consent to this Court's entry of the requested Order of Possession, the United States is entitled to immediate possession of the property. See Miller, 317 U.S. at 381; Kirby Forest Indus., 467 U.S. at 5, 12; Schneider v. County of San Diego, 285 F.3d 784, 792 (9th Cir. 2002)(observing that the Declaration of Taking Act enables the United States to

"exercise quickly its power of eminent domain . . .").

B. The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing by December 31, 2008.

The United States needs immediate possession of the acquired Estate in Subject Property in order to meet the congressional directive to construct fencing and related infrastructure along the southwest border by December 31, 2008. Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (2007) (amending section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996). Signed into law on December 26, 2007, the 2008 Consolidated Appropriations Act directs the Secretary of Homeland Security to "identify [locations] along the southwest border where fencing would . . . most effective[ly] deter[] smugglers and aliens attempting to gain illegal entry into the United States . . . ." Id. The 2008 appropriation further directs the Secretary to complete construction of fencing in these locations "not later than December 31, 2008." Id.

The United States requires access to the subject property in order to comply with Congress' directive for the reasons set forth in the Affidavit in Support of Motion for Immediate Possession, attached. See Consolidated Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (establishing construction deadline for fence and related infrastructure); 2007 Department of Homeland Security Appropriations Act, Pub. L. 109-295, Title II, 120 Stat. 1355 (appropriating funds for current taking). As a result, acquiring immediate possession of the property for the United States is a necessary step toward meeting the construction deadline established by Congress. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the Estate in Subject Property.

//

//

//

//

//

//

## IV.

## CONCLUSION

Based on the foregoing, the United States of America submits that it is entitled to entry of an order of immediate possession as requested in this motion.

DATED: August 19, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Sandra Riggs

SANDRA B. RIGGS
Special Assistant U.S. Attorney
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>5.27 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; and EDITH GLUD, ET AL.<br>Defendants. | Civil No. 08cv1162-W (AJB)<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

- EX PARTE APPLICATION FOR IMMEDIATE DELIVERY OF POSSESSION
- AFFIDAVIT IN SUPPORT OF MOTION FOR IMMEDIATE POSSESSION TO CONSTRUCT

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

n/a

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participant on this case:

EDITH GLUD
C/O DONALD P. GLUD
1211 W. STATE STREET
EL CENTRO, CA 92243-2832

PAUL A. GLUD TESTAMENTARY TRUST
C/O DONALD P. GLUD
1211 W. STATE STREET
EL CENTRO, CA 92243-2832

IMPERIAL COUNTY TAX COLLECTOR
ATTN: COUNTY COUNSEL
940 WEST MAIN STREET
EL CENTRO, CA 92243

IMPERIAL IRRIGATION DISTRICT
JEFF GARBER, ESQ.
333 E. BARIONI BLVD.
IMPERIAL, CA 92251

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2008.

Tricia R. Lamb

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>5.27 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; AND EDITH GLUD, ET AL.<br><br>Defendants | AFFIDAVIT IN SUPPORT OF MOTION FOR IMMEDIATE POSSESSION TO CONSTRUCT<br><br>CIVIL NO. 08cv1162-W (AJB) |

I, Gregory A. Gephart, hereby declare as follows:

1. I am employed as the Secure Border Initiative's Deputy Program Manager for Tactical Infrastructure, with U.S. Customs and Border Protection, U.S. Department of Homeland Security. I make this declaration based on my personal knowledge of the matters recited, or based upon information available to me from the files maintained by my office in this matter.

2. The United States has a vital interest in controlling its international borders. As part of the ongoing effort to secure the borders and reduce illegal immigration, Congress has ordered the construction of various types of fencing, additional physical barriers, roads, lighting, cameras, sensors and related infrastructure along the United States' southwestern border. Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Public Law 104-208, Div. C, 110 Stat. 3009-546, 3009-554 (Sept. 30, 1996) (2000), codified as amended by the REAL ID Act of 2005,

Public Law 109-13, Div. B, 119 Stat. 231, 302, 306 (May 11, 2005) , the Secure Fence Act of 2006, Public Law 109-367, § 3, 120 Stat. 2638 (Oct. 26, 2006), and the 2008 Consolidated Appropriations Act, Public Law 110-161, Div. E, Title V, § 564 (Dec. 26, 2007), at 8 U.S.C. § 1103 and note.

3. In addition, Section 102(b) of IIRIRA directs the Secretary of Homeland Security to identify locations where such infrastructure would be most practical and effective in deterring smuggling and illegal entry and to complete construction in those locations no later than December 31, 2008.

4. My agency has determined that the subject property is an appropriate location for construction of fence and related infrastructure. The United States requires immediate access to the subject land so that it can begin the construction. Immediate access to the subject land will assist the United States in accomplishing the congressional mandate to construct fencing no later than December 31, 2008, as set forth in Section 102(b) of IIRIRA.

5. The United States has awarded or is in the process of awarding task orders and issuing notices to proceed with material acquisition, fabrication and all other activities that do not require access to the property. Notice to proceed with construction of fence and related infrastructure is pending availability of this subject land. Thus, if possession is not granted immediately, the United States may incur significant monetary damages arising from delayed start of construction in addition to jeopardizing the December 31, 2008 completion date mandated by Congress in Section 102(b) of IIRIRA.

I declare, pursuant to 28 U.S.C. § 1746, that the above information is true and correct to the best of my knowledge, information, and belief, under penalty of perjury. I further declare that this Declaration was executed on this on this 12th day of May, 2008, in Washington, D.C.

Gregory A. Gephart